**LAWRENCE A. DUBIN, ESQ.**
Attorney at Law
401 BROADWAY, SUITE 306
NEW YORK, NEW YORK 10013
(917) 543-0216
(212) 966-0588 (Fax)
Email: DUBINLARRY@AOL.COM

September 4, 2013

*Via ECF*

Hon. Thomas P. Griesa
Senior United States District Judge
500 Pearl Street,
New York, New York 10013

Re:   *U. S. v. Fassel Azim*
      *S2 10 CR-1082-007*

Dear Judge Griesa:

I am writing on behalf of my client, Fassel Azim who is presently scheduled for sentence before the Court on September 26, 2013 at 4:30pm. The purpose of this letter is to put his role in this case in proper context for the Court.

Mr. Azim is a citizen of England. He has never resided in the United States with the exception of his present incarceration. He lived in Chesham, a small town on the outskirts of London where he was recruited by an individual named Kurim Ahmed to take part in the criminal conduct which forms the basis of Count 4. His role was simply to drive his co-defendants, Mohammed Khawar, Abdul Durrani and David Ashley Smith from England to certain locations in Holland including Amsterdam and Utrecht. Apparently he was the only one of the defendants who possessed a valid driver's license.

He had absolutely nothing to do with the installation of the card readers. He possesses neither the technical knowledge nor skill required to accomplish that task. I don't believe he really understood what his co-defendants were up to until they begun their activities. Admittedly he entered the stores with the co-defendants and acted as a shopper would who was just looking around at the wares on display. But Fassell had misgivings about this venture from

the outset. Three days into what was supposed to be a five day trip he decided to leave the others whom he had never met before the trip, and returned to England. Once there, he had an argument with Kurim Ahmed and never received the 500 pounds he was to be paid for chauffeuring the others.

During a proffer session with the government, Fassel provided whatever information he had regarding Kurim Ahmed which suggested a lavish life style with no visible means of support. His sister in London provided addition pedigree information as well as a picture of Mr. Ahmed.[1]

When I first met Mr. Azim, he was extremely anxious and agitated. In visits with him at the MCC, he unconsciously pulled at his eyebrows and hair. He expressed thoughts of suicide. He has a history of self-mutilating and has been on anti-depressant medications since age 16.

Concerned for this young man, I told him to call me on my cell phone whenever he wanted to talk and assured him his life was not over because of this case, that he played a very minor role, that AUSA Matthew Schwartz knew that, and that I was hopeful of working out a reasonable disposition for him. Gradually he came to trust me and his anxiety lessened, although he called me virtually every week since my representation began to see what progress I had made regarding a plea agreement with the government.

Mr. Azim has a history of mental health problems dating back to early childhood. They include problems with learning and what appears to me as attention deficit disorder. He has been described as being learning disabled by his family.

As his letter to the court makes clear he now fully understands the nature of his crime and takes full responsibility for his actions. As I indicated previously, I don't think that was always

---

[1] I do not know whether this information was of use to the government but assume that it was since the indictment set forth virtually a global scheme to defraud banks worldwide.

the case or that he fully understood the gravity of the offense when he drove the others to the Netherlands.

Your Honor, this is not a bad person. There is a certain naivety, a childlike quality to him that not only makes it hard not to like him, but probably led to his getting involved in the first place.

Obviously my objective is to try and get Fassel home as soon as possible. I honestly don't think that prolonging his incarceration at this point serves the ends of justice or is called for by any of the factors that are set out in 18 U.S.C. 3553(a).

Respectfully Submitted,

Lawrence A. Dubin, Esq.

LAD/aw

cc: AUSA Matthew Schwartz
P. O. Simon Belgrave